IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVA AL-ZAGHARI, | No. C 11-80285 MISC RS |
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| PROBATE COURT OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

By order of August 15, 2001, in *Ali Al-Zaghari, et al. v. Reja Al-Zaghari, et al.*, No. C 01-2870, this Court designated petitioner a vexatious litigation. Petitioner is thus required to obtain leave of court before filing a new complaint. The order states petitioner may not file any complaint, petition, or other papers related to the mistreatment of herself, her daughter, or her mother by state officials. Despite this order, petitioner has since attempted to file numerous related actions in this court, including the most recent petition for writ of habeas corpus alleging government officials mistreated herself and her family members. The Court conducted a pre-filing review of petitioner's writ and determined she had not met her burden of asserting cognizable legal claims or establishing that she is in fact currently in custody for purposes of asserting a habeas claim. Petitioner now seeks relief from judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60.

A motion for relief from judgment brought pursuant to FRCP 60(b) is an extraordinary form of relief which may only be granted upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). This remedy is to be used sparingly "to

prevent manifest injustice." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Under FRCP 60(b), a court may grant such a remedy if the movant demonstrates, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; or (3) misconduct by the opposing party. *See* Fed. R. Civ. P. 60(b).

Here, petitioner has failed to demonstrate mistake, present new evidence, or establish misconduct by respondents. In fact, her motion largely repeats the facts and allegations of her previous filings. Accordingly, her motion for relief from judgment is denied.

IT IS SO ORDERED.

Dated: 6/12/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C
ORDER